UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

X. Y.,

            Plaintiff,

    v.

SAN FRANCISCO BOYS CHORUS,

            Defendant.

Case No. 25-cv-08586-WHO

**ORDER GRANTING APPROVAL OF MINOR'S COMPROMISE**

Re: Dkt. No. 20

**BACKGROUND**

Minor plaintiff X.Y., by and through his guardian ad litem, filed this disability discrimination action against the San Francisco Boys Chorus ("the SFBC") after he was removed from a week-long overnight camp hosted by the SFBC and mandatory for continued membership in the SFBC. Dkt. No. 1 at 1–2. X.Y. alleged that he was removed because of his need for, and the SFBC's refusal to provide, accommodations related to his autism diagnosis. *Id.* at 2. X.Y. filed the complaint on October 7, 2025, and, following private mediation with the Honorable Suzanne Bruguera (Ret.) on December 1, 2025, the parties settled the material terms of the case. *See* Motion for Approval of Minor's Compromise ("Mot.") [Dkt. No. 20] at 2. Following a further negotiation, the parties finalized a settlement agreement. *Id.* On February 3, 2026, X.Y., by and through his guardian ad litem, filed an unopposed Motion for Approval of a Minor's Compromise. Mot. at 1. I conclude this matter is suitable for determination without a hearing. Civil L. R. 7-1(b).

**LEGAL STANDARD**

District courts have a duty to safeguard the interests of minor litigants. Fed. R. Civ. P. 17(c). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty

requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengran*, 638 F.3d 1177, 1181 (9th Cir. 2011) (internal quotation marks and citation omitted).  This "special duty" "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by [other] plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182.

**DISCUSSION**

Upon review of the Motion, the Conditional Settlement agreement, and the declaration of Ms. Shao Chi Tung (X.Y.'s guardian ad litem), I find that the proposed minor's compromise results in a "fair and reasonable" outcome that is in the best interest of X.Y.  *Id.*

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion to Approve the Minor's Compromise is GRANTED;

2.  Plaintiff X.Y. shall receive the amount in settlement funds agreed to by the parties at Dkt. No. 20-1 ¶ 2.3, to be transferred to a California Uniform Transfers to Minors Act account with X.Y.'s guardian at litem as custodian of the account, to be used for X.Y.'s benefit only.  Upon X.Y. reaching the age of eighteen, the custodian shall transfer any remaining funds to X.Y.;

3.  Plaintiff's counsel's reasonable attorneys' fees and costs indicated at Dkt. No. 20-1 ¶ 2.3, consisting of:

    a.  $4,200 in reimbursement of mediation costs;

    b.  $8,000 in reimbursement of expenses incurred related to X.Y.'s participation in the SFBC program; and

    c.  $25,000 in attorney fees

    are hereby approved;

4.  On or before May 31, 2026, SFBC shall ensure that all staff and leadership involved in the mandatory summer overnight camp complete the American Camp Association courses entitled "Accessibility" and "Supporting Individuals with Autism Disorder in the Camp Environment," or equivalent training.  This requirement shall apply to all

United States District Court
Northern District of California

2

future summer overnight camps, and newly hired staff shall complete the required training before supervising or interacting with campers.

5.  All parties are hereby ORDERED to comply with all terms of the Conditional Settlement Agreement;

6.  This Court shall retain jurisdiction over this matter for purposes of ensuring compliance with the terms of the parties' Conditional Settlement Agreement.  The parties shall alert this Court of the final execution of all documents necessary to effectuate the settlement.  Upon completion of the settlement, the claims asserted by the minor in this action shall be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: February 26, 2026



William H. Orrick
United States District Judge

United States District Court
Northern District of California